**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16 cr 88**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | **ADDENDUM TO** |
| | ) | **DETENTION ORDER** |
| | ) | |
| **BRIAN JAMES LAUGHTER.** | ) | |

I.     FACTORS CONSIDERED

    **18 U.S.C. § 3142:**

    **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

    **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    **(2)** the weight of the evidence against the person;

    **(3)** the history and characteristics of the person, including--

        **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II.    FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a controlled substance, that being methamphetamine, and involve firearms, that being the use of a shotgun during and in relation to a drug trafficking crime, in violation of 18 USC § 924(c) and possessing firearm silencers.

**(g)(2):** The weight of the evidence against the person appears to be atrong, compelling and significant.  A purchase of methamphetamine, a short-barreled shotgun and firearm silencer, were made from defendant.  These purchases was recorded.  Defendant further gave a statement to law enforcement admitting he had been transporting methamphetamine for the purpose of sale.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community,  community ties, past conduct, history relating to drug or alcohol abuse,  criminal history and record concerning appearance at court appearances indicate that defendant has questionable family ties; defendant is married but he also has a girlfriend in another state.  Defendant has employment, and has a length of residence in the Transyvalnia County community.  Defendant has a history relating to drug abuse, that being the use of methamphetamine and marijuana.   Defendant's criminal history shows that defendant does not have any criminal history whatsoever and defendant's record concerning appearance at court proceedings shows that defendant has appeared as he has been required to do.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence.  It appears that this factor does not exist.

 **(g)(4):** The nature and seriousness of the danger to any person or the community that would  be posed by the person's release indicate by clear and convincing evidence  that the release of the defendant would create a risk of harm or danger to any other person or the community.  Due to the fact that defendant is charged with a drug offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substance Act and due to the fact that defendant is charged with an offense under 18 USC § 924(c), a presumption is created, pursuant to 18 USC § 3142(e)(3)(A)(B) that no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of the community if defendant was released   The evidence does not show that defendant has rebutted that presumption.  There was introduced into evidence the Affidavit and testimony of Special Agent Mark Gage of the ATF.  In the Affidavit, Special Agent Gage stated that information had been presented by concerned citizens in Transyvalnia County stating that defendant had made statements that he plans to die in an outbuilding located on his property and when police officers attempt to arrest him, he is going to kill as many police officers as possible before his death.  The

citizens further advised that defendant had multiple firearms in an outbuilding located on his property and he accepted firearms in trade for methamphetamine. Further information was presented in the Affidavit that defendant had implied to a confidential informant he planned to use a firearm equipped with a silencer to shoot his neighbor. The confidential informant saw several firearms in defendant's outbuilding. Defendant sold a firearm to the confidential informant despite the confidential informant advising defendant that the confidential informant was a convicted felon. Recorded purchases of methamphetamine were made from the defendant and also a sawed-off shotgun and silencer. When defendant was arrested, he had a vial that contained residue of methamphetamine on his person. Defendant made a statement that he was a courier for methamphetamine and he would go to Georgia and obtain quantities of methamphetamine from a person and bring it back to North Carolina for distribution. This evidence shows by clear and convincing evidence that the presumption has not been rebutted and further shows that the release of defendant could create a risk of harm or danger to any other person or the community and will enter an order detaining the defendant. The court has considered the testimony of defendant's wife and friend but does not find that their testimony rebuts the presumption due to the threats and acts of the defendant

The undersigned does find by a preponderance of the evidence that the presumption has been rebutted as to detention based on risk of flight of defendant. Defendant is gainfully employed and has resided in the Rosman community all of his life, being age 45. Defendant has a 22 year old son who resides in Rosman and is a college student. These factors show that the presumption of detention based upon risk of flight has been rebutted and the undersigned will not enter an order detaining defendant based upon risk of flight.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: August 11, 2016

_____
Dennis L. Howell
United States Magistrate Judge